UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

VICTOR HUGO VERGARA RAMIREZ,  )
)
Plaintiff,  )
vs.  )   15-CV-2122
)
CHAMPAIGN COUNTY JAIL, *et al.*,  )
)
Defendants.  )

MERIT REVIEW ORDER

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff, proceeding pro se, is a pretrial detainee at the Champaign County Jail and was granted leave to proceed *in forma pauperis*. The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that on March 5, 2015, he fell while exiting a transport van after arriving at the Champaign County courthouse. The plaintiff claims he fell to the floor and injured his neck, right shoulder, and back. Later that night, a nurse gave plaintiff some Ibuprofen for his pain. The next morning plaintiff requested to see a doctor or nurse. Plaintiff was taken for observation but did not see a doctor or nurse. On March 7, 2015, the plaintiff finally saw a nurse, was given pain medication, and was scheduled to see a doctor on March 11, 2015. On March 11, the doctor examined the plaintiff and found nothing wrong with him. The plaintiff received x-rays of his back and shoulder on March 12, which the doctor indicated were negative. The plaintiff continued to complain of pain so he was again given x-rays on March 25, 2015,

which were also negative.  The plaintiff states he has seen a doctor on three occasions, but he remains in pain.

In order to show deliberate indifference to a serious medical need, the plaintiff must demonstrate that the defendants "acted in conscious disregard of that need or risk (or both) by failing to take adequate measures in response."  *Viero v. Bufano*, 901 F. Supp. 1387, 1394 (7th Cir. 1995).  According to the plaintiff, he saw a doctor at least three times, was given x-rays on two different occasions, and has been given pain medication.  The plaintiff's own allegations show that jail officials and medical professionals have been responsive to his requests for medical attention.  Even if the doctor is negligent in diagnosing the cause of the plaintiff's pain, negligence is not enough to impose liability for deliberate indifference to a serious medical need. "[A] defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation."  *Johnson v. Pala*, 2012 WL 3020533 (S.D. Ill. July 24, 2012); *see Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir.2008)*.

IT IS THEREFORE ORDERED:

1. The plaintiff's complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. § 1915A.  This case is terminated.

2. This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g).  The clerk of the Court is directed to record the plaintiff's strike in the three-strike log.

3. Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4. If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 13th day of July, 2015.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE